## BUTLER & UX. *vs.* LITTLE.

Where a testator devised lands to his wife, and after her decease to one of her sons, without expressing the nature or duration of the son's title; and bequeathed a legacy to another son " as his proportion of the estate;"—it was holden that the devisee of the remainder, after the death of the wife, took a fee.

THIS was a writ of entry *sur disseisin*, brought by the demand-ants as heirs at law of *Samuel Lord*, against the tenant, who was sole heir of *Mark Lord*, son of the said *Samuel*, and a devisee under his will;—and it came before the Court upon a case stated by the parties, in which the only question was,—whether *Mark Lord* took an estate for life, or in fee, in the demanded premises, which were devised to him by his father.

The testator devised a portion of his estate to his wife, during her natural life;—and in a subsequent part of the will devised the same estate to his son, in these words;—" I give and bequeath to " my son *Mark Lord*, my dwelling house, barn, and warehouse, " on the same side of the highway with my dwelling house, with " the garden and all the lands adjoining, on the same side of the " way, after the decease of my well beloved wife."—He also, in another part of the will, gave to each of the children of his late son *Samuel*, a certain sum, which " *is his proportion of my estate.*" The other parts of the will contained nothing material to the question.

*Burleigh*, for the demandants, hereupon contended that *Mark Lord*, the devisee, took only an estate for life.    The heir is not to be divested of his rights, unless such appear plainly and beyond doubt to be the intent of the testator.    *Rowe v. Yewd* 2 *New Rep.* 214.    *Willes* 141.    *Cro. Car.* 147, 149.    But the clause in the will under which the tenant claims, contains nothing which shews an intent to create any other or greater estate than a tenancy for life.    To evince the contrary it must appear either that the de-visee is charged with some burthen, in consideration of receiving a fee,—or that the testator was ignorant of the force of the lan-guage used, and knew not how to describe a fee,—or that the introductory clause in which he professes to dispose of his worldly

estate, and the creation of a tenancy for life of the wife, manifest such intent. As to the two first, he argued from the different parts of the will that there was nothing to support them. As to the introductory clause, very little if any reliance is placed upon it. *Cook v. Holmes & ux.* 11 *Mass.* 528. And to shew that the language of the devise itself is not to be extended beyond its legal import, he cited 1 *Roberts on Wills* 432. *Tanner v. Morse Cas. temp. Talbot* 284. *Hogan v. Jackson Cowp.* 299. *Gaskin v. Gaskin Cowp.* 657. *Baker v. Stocker* 5 *D. & E.* 13. *Bates v. Clayton* 8 *East* 147. *Drewry v. Bacon* 14 *East* 372. 6 *Cruise's Dig.* 237—240. *Wright v. Sidebotham* 2 *Doug.* 759. *Ferries & ux v. Smith & als.* 17 *Johns.* 281.

*Dane,* for the tenant. Although anciently, in *England*, and for reasons originating in that country, wills have received a rigid construction in favor of the heir; yet in this country as well as latterly in that, the object of Judges has been to ascertain and support the intent of the testator. *Richardson v. Noyes* 2 *Mass.* 60. 11 *Mass.* 528. Here the testator made a bequest to the children of one of his sons, as their proportion of his estate, which shews his intent to leave no reversionary interest for them to inherit;—and he has made no devise over, which he certainly would have done if he intended to give *Mark* only an estate for life. He also has directed the devisee to pay certain legacies; and upon the principle that the devisor always intends a benefit to the devisee, this direction, connected with the terms of the gift, shew an intent to create a fee. *Bows v. Blacket Cowp.* 235.

WESTON J. delivered the opinion of the Court, as follows.

The question submitted to the decision of the Court is, whether by the will of *Samuel Lord*, *Mark Lord*, his son, took a fee in the demanded premises; or only an estate for life. This point must be determined, by collecting the intention of the testator from the whole will, taken together. The premises in controversy are devised to *Mark Lord*, by the third clause in the will, after the decease of the wife of the testator, to whom a life estate therein had been previously given. No words of inheritance, or other words of equivalent meaning are used; so that by this clause

alone the devisee would, by legal construction, take only an estate for life. His claim therefore to take a fee, if valid in law, must be derived from other parts of the will.

The testator commences by declaring that, " as to the worldly " estate, wherewith it hath pleased God to bless me, I give, " devise, and dispose of it in the manner following;" and if a life estate to *Mark Lord* in the premises only was given, the reversion was undevised; although it would seem that he intended to dispose of his whole estate. This introductory clause would not alone, consistently with the authorities, have the effect to enlarge an estate, subsequently devised; yet in connection with other parts of the will, it may properly have some influence, in collecting the intention of the testator. *Goodright v. Stocker 5 D. & E. 13. Loveacres v. Bright Cowp. 352.*

So the presumption that he intended a benefit to the devisee, which if he took a life estate only, he would not realize unless he survived the widow of the testator; although not of itself indicating, with sufficient clearness, an intention to give a fee, or legally having that effect, yet it is a circumstance not altogether undeserving of consideration.

But there is another clause in the will, which, in connection with the foregoing, or even without their aid, requires that the devisee should take a fee in the estate in question. After giving to his grandson *Samuel Lord*, eldest son of *Samuel Lord* deceased, a legacy of forty pounds, he bequeaths in the fifth clause, " to " each of the other children of my late son, *Samuel Lord*, de- " ceased, that shall survive at my decease, twenty shillings, to " be paid by my son *Paul Lord*, in two years after my decease, " which, with what I have given above, is his proportion of my " estate." Now unless *Mark Lord* took a fee in the demanded premises, the reversion being undisposed of, the children of *Samuel Lord* would be entitled to a share of it; and thus the sums bequeathed to them would not be his proportion of the estate, although so declared to be by the testator. Considering therefore the introductory clause, which professes to dispose of the whole estate; that the reversion is not otherwise devised, either specifically or by a residuary clause; that if *Mark Lord* took a life estate only, he would derive no benefit from the devise-

unless he survived the widow; but more especially considering that part of the will, which makes provision for the children of *Samuel Lord,* professedly as his full proportion of the estate, we are satisfied that, upon a just construction of the whole will, *Mark Lord* took a fee in the demanded premises. In support of this opinion, the case of *Cook et al v. Holmes et ux.* cited in the argument, is strongly in point.

It has been urged that the testator, having used proper words of limitation in giving an estate for life to his wife, in the first clause of the will, and in giving a fee in the second and fourth clauses, must be presumed to have a knowledge of the use and effect of technical language; and that his omission of words of limitation in the third clause was designed, with a full knowledge that, by legal construction, a life estate only would pass. But we are not satisfied that he possessed the legal knowledge, which the argument ascribes to him; or that he so nicely calculated the legal result of the omission. Had he known the force and meaning of legal language, it is hardly conceivable that, in so solemn and important an instrument as a last will and testament, he would deliberately have left that to be settled by construction, which the use of two or three words would have placed beyond all possible doubt. That he was unskilful in the use of legal language, is apparent from the fact, that the testator applies in the second clause words of limitation, by which a fee passes, as well to personal as to real estate. In popular understanding, where land is given, the whole estate is considered as passing, unless words are used indicative of a design to give a less interest. In the devise to his wife, he limits to her an estate for life expressly, and we have no means of knowing, whether he might not have deemed it as essential to use such express terms restrictive of the interest given, when he passed a life estate, as to use words of inheritance, when a fee was intended.

It being the opinion of the Court that *Mark Lord* took a fee in the demanded premises, by the agreement of the parties, the demandants are to become nonsuit, and the tenant to be allowed his costs.